UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **REGINALD D. SINGLETON** | * | **CIVIL ACTION NO. 11-0732** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **LABOR FINDERS** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the district court, are two motions filed by pro se plaintiff, Reginald Singleton: 1) a motion to transfer venue and request for appointment of counsel [doc. # 13]; and 2) a motion "to Adjust the motion to dismiss" [doc. # 16]. For reasons assigned below, the motions are **DENIED**.[1]

## Background

On May 13, 2011, plaintiff Reginald Singleton filed the instant, pro se complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., against LFI Fort Pierce, Inc. d/b/a Labor Finders (hereinafter, "Labor Finders"). According to the complaint and attachments thereto, on February 16, 2010, Labor Finders assigned Singleton to work at U-Auto-Pull-It. (EEOC Charge of Discrimination; Compl., Exh.). Despite U-Auto-Pull-It's desire for plaintiff to continue to work for them the next day, Labor Finders discharged Singleton and replaced him

---

[1] As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

with a white male.  *See* Compl. & EEOC Charge.  When plaintiff complained to Labor Finders' corporate office about his treatment by the local branch, he was informed that he was banned from Labor Finders because he had complained about being replaced by a white male.  *Id*.

On July 31, 2010, Singleton submitted a charge with the Equal Employment Opportunity Commission against Labor Finders for race-based discrimination and retaliation.  He received a Notice of Right to Sue on March 15, 2011.  Singleton timely commenced the instant suit within 90 days thereafter.

On July 12, 2011, Labor Finders filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Three days later, plaintiff filed the instant motion to change venue and request for appointment of counsel.  On July 28, 2011, plaintiff filed a motion to "adjust" defendant's motion to dismiss.  Labor Finders opposes plaintiff's motions.  The court addresses plaintiff's motions, in turn.

**I.      Change of Venue**

Plaintiff seeks to transfer this matter to this court's Shreveport Division because of his inability to find a lawyer to take his case.  As an initial matter, the court emphasizes that venue is proper in this district and division.  *See* 42 U.S.C. § 2000e-5(f)(3).  Accordingly, plaintiff's motion necessarily seeks transfer under 28 U.S.C. § 1404(a), for his own "convenience."

As the party seeking transfer, however, plaintiff is obliged to support his request with "good cause."  *In Re Volkswagen of America, Inc.*, 545 F.3d 304, 312-313 (5th Cir. 2008) (en banc) ("*Volkswagen II*").[2]  To establish "good cause," the moving party must demonstrate that

---

[2]  The preliminary inquiry under § 1404(a) is whether a civil action "might have been brought" in the destination venue.  *Volkswagen II, supra*.  Having determined that venue is proper in the Monroe Division, the action also might have been brought in the Shreveport

the transferee venue is "clearly more convenient" than the venue initially selected by the plaintiff. *Id*. To make this determination, the court considers a number of "not necessarily exhaustive or exclusive" private and public interest factors. *Volkswagen II*, 545 F.3d at 315.

Plaintiff's motion, however, does not address any of these factors. Rather, the sole basis for his motion is his difficulty retaining a lawyer. However, any attorney admitted to practice in the Western District of Louisiana may enroll in any case pending in any division in the district. The attorney's residence or physical office is immaterial. Furthermore, "location of counsel" is not a proper consideration to support transfer of venue. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). Accordingly, plaintiff has not demonstrated good cause for the proposed transfer. 28 U.S.C. § 1404(a).

Insofar as plaintiff's motion also re-urges his prior request for appointment of counsel, the court does not discern any material change of circumstances sufficient to support reconsideration of the denial of his prior motion. *See* May 16, 2011, Mem. Order [doc. # 6]).

## II.     Motion to "Adjust" Defendant's Motion to Dismiss [doc. # 16]

It is not exactly clear what relief plaintiff seeks by this "motion." He explains in the document that he has experienced difficulty finding a lawyer, that he continues to be unemployed because of defendant's alleged discriminatory actions, and he has been rendered homeless as a result.

To the extent that the submission may be construed as a motion to strike defendant's motion to dismiss, the court observes that under Rule 12(f) a court is authorized to "strike from a

---

Division. Indeed, "[a] Title VII plaintiff may bring his or her suit in any division of any district where the cause of action arose . . ." *Ashworth v. Eastern Airlines, Inc.*, 1974 WL 321, *2 (E.D. Va. Oct. 2, 1974).

3

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to dismiss is not an enumerated "pleading" under Rule 7. See Fed.R.Civ.P. 7(a). Thus, Rule 12(f), which authorizes the striking of certain defenses or matters from "pleadings," does not apply to motions to dismiss. See Fed.R.Civ.P. 12(f). In any event, plaintiff has not demonstrated that defendant's motion is "redundant, immaterial, impertinent, or scandalous . . ." See *Johnson v. Missouri City*, 2009 WL 6767109 (S.D. Tex. March 9, 2009) ("conclusory disagreements" with defendants' factual allegations in their motion for summary judgment do not provide a basis for striking the motion).

Alternatively, it is conceivable that plaintiff intended his "motion to Adjust" to serve as his response to defendant's motion or even as a request for extension of time to file a response. Either way, the "motion" will be denied, at this time. Plaintiff can explain the purpose of his motion during the October 27, 2011, telephone status conference that has been set via separate order.

For the above-stated reasons,

Plaintiff's motion to transfer venue, re-urged request for appointment of counsel, and motion "to Adjust the motion to dismiss" [doc. #s 13 & 16] are hereby **DENIED**.

IT IS SO ORDERED.

THUS DONE AND SIGNED in Chambers, at Monroe, Louisiana, this 6th day of October 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE