UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **REGINALD D. SINGLETON** | * | **CIVIL ACTION NO. 11-0732** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **LABOR FINDERS** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 10] filed by defendant, LFI Fort Pierce, Inc., d/b/a Labor Finders. For reasons explained below, it is recommended that the motion be DENIED.

### Background

On May 13, 2011, plaintiff Reginald Singleton filed the instant pro se complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., against LFI Fort Pierce, Inc. d/b/a Labor Finders (hereinafter, "Labor Finders"). According to the complaint, and attachments thereto, on February 16, 2010, Labor Finders assigned Singleton to work at U-Auto-Pull-It. (EEOC Charge of Discrimination; Compl., Exh.). Despite U-Auto-Pull-It's desire for plaintiff to continue to work for them the next day, Labor Finders discharged Singleton and replaced him with a white male. *See* Compl. & EEOC Charge. When plaintiff complained to Labor Finders' corporate office about his treatment by the local office, he was informed that he was banned from Labor Finders because he had complained about being replaced by a white male. *Id*.

On July 31, 2010, Singleton submitted a charge with the Equal Employment Opportunity Commission against Labor Finders for race-based discrimination and retaliation. He received a

Notice of Right to Sue on March 15, 2011.  Singleton timely commenced the instant suit within 90 days thereafter.  He alleges that as a result of defendant's actions, he was rendered jobless and homeless.

On July 12, 2011, Labor Finders filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  On November 12, 2011, plaintiff filed his opposition to the motion to dismiss.  The matter is now before the court.

## DISCUSSION

### I.   12(b)(6) Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).  In the context of employment discrimination claims, "the ordinary rules for assessing the sufficiency of a complaint apply," and a plaintiff need not establish a prima facie case of employment discrimination in her complaint. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between.  *See Iqbal, supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.

*See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989). \

However, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted). Furthermore, the complaint need not "correctly specify the legal theory" giving rise to the claim for relief. *Id*.

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). Nonetheless, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

**II.     Plaintiff's Complaint States a Claim for Relief under Title VII**

Defendant contends that plaintiff's complaint should be dismissed because it does not allege sufficient facts to establish what "violation is being alleged or the damages sought," and because it fails to allege a prima facie case of discrimination, hostile work environment, or retaliation.

Addressing defendant's latter argument first, the court reiterates that in *Swierkiewicz v. Sorema*, the Supreme Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a Rule 12(b)(6) motion. *Swierkiewicz*, 534 U.S. at 515. The Court explained that the *McDonnell Douglas* framework "is an evidentiary standard,

3

not a pleading requirement." *Id.* at 510.[1] Accordingly, plaintiff's complaint need only comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8; *Swierkiewicz,* 423 U.S. at 515.  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958).

      Title VII makes it unlawful for "an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).  As recounted earlier, plaintiff alleges that on February 16, 2010, Labor Finders assigned him to work at U-Auto-Pull-It.  (EEOC Charge of Discrimination; Compl., Exh.).  He further alleges that despite U-Auto-Pull-It's desire for him to continue working for them (i.e. that he was qualified for the job), Labor Finders discharged him from employment and replaced him (a black male), with a white male.  *See* Compl. & EEOC Charge. When plaintiff complained to Labor Finders' corporate office about his treatment by the local office, he was informed that he was banned from Labor Finders because he had complained about being replaced by a white male.  *Id*.  As a result, plaintiff suffered lost wages that rendered him homeless.

      Contrary to defendant's argument, the foregoing factual allegations provide it with fair notice of the actions that plaintiff is challenging, and his resulting damages.  In fact, even if plaintiff *were* required to allege a prima facie case of discrimination and retaliation, he has done

---

[1] Furthermore, *Twombly* did not overrule *Swierkiewicz*. *See Twombly*, 550 U.S. at 569-70.

so.[2] *See Kittling v. Centennial Beauregard Cellular, L.L.C. Kittling v. Centennial Beauregard Cellular, L.L.C.*, 2011 WL 5138649, *2 (5th Cir. Oct. 31, 2011) (unpubl.) (setting forth elements for prima facie case of discrimination under Title VII); *Harris v. Martinsville Independent School Dist.*, 2011 WL 5299618 (5th Cir. Nov. 3, 2011) (unpubl) (setting forth elements for prima facie case of retaliation under Title VII).[3]

### III.     Defendant is not Entitled to Costs or Attorney's Fees

Defendant seeks an award of costs under 28 U.S.C. § 1915(f), on the basis that plaintiff's in forma pauperis complaint is frivolous. Section 1915(f), however, authorizes costs at the "conclusion" of the suit or action – a precondition that is not present here. 28 U.S.C. § 1915(f). Likewise, defendant is not a "prevailing" party, as contemplated for an award of fees under 42 U.S.C. § 2000e-5(k). Furthermore, there is no showing that "the underlying civil rights suit was vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 422, 98 S.Ct. 694, 701 (1978).

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon

---

[2] There is no indication that plaintiff's complaint attempts to assert a claim for hostile work environment. If necessary, defendant can explore this issue, via discovery.

[3] The court observes that, at certain points in its brief, defendant cites heavily from decisions decided by, or in the Eleventh Circuit. While the law between the Eleventh and Fifth circuits is likely the same or similar on many of the issues in this case, only the decisions from the latter tribunal are binding on this court. Accordingly, in any future briefs to the court, the parties shall endeavor, whenever possible, to support their arguments with governing case law in this circuit, i.e. the Supreme Court and/or the United States Court of Appeals for the Fifth Circuit.

which relief can be granted [doc. # 10], and associated request for costs and fees, filed by defendant LFI Fort Pierce, Inc. d/b/a Labor Finders be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 29th day of November 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

6